**FIRST NATIONAL BANK OF MIAMI, as Executor v. ELSBREE, et al.**
No. 62-C-13004.

Circuit Court, Dade County.

April 2, 1963.

Joseph H. Murphy, Coral Gables, for plaintiff.

GEORGE E. SCHULZ, Circuit Judge.

This cause, having come on to be heard on the sworn complaint for declaratory decree filed by the First National Bank of Miami, as executor of the last wills and testaments of Harry E. Kenworthy and Mildred E. Kenworthy, his wife, and it appearing unto the court that a decree pro confesso has been regularly and duly entered by the clerk of this court against the defendants, Carole Eastwood Elsbree, Patricia J. Abshire, and Helen Virginia Attwill, and

It further appearing unto the court that the decedents, Harry E. Kenworthy and Mildred E. Kenworthy, died simultaneously on May 29, 1962, and that the medical examiner of Dade County

has determined, after performing autopsies, that it was impossible to decide which of the decedents died first, and

It further appearing unto the court that the decedent Mildred E. Kenworthy, by the terms of her last will and testament, provided that in the event of a simultaneous death of her and her husband, it should be presumed that her husband survived her, in which event, he would inherit her entire estate, provided he survived her by six months, and

It finally appearing unto the court that the decedents owned certain personal property jointly with the right of survivorship, and that the petitioner, as executor of their last wills and testaments, is in doubt as to whether such joint property should be administered and distributed in accordance with the directions contained in the last will and testament of Mildred E. Kenworthy, deceased, or whether the title to the joint property and devolution thereof should be determined by the provisions of section 736.05 of the Florida Statutes, otherwise known as the Uniform Simultaneous Death Law, and the court being of the opinion that the directions contained in the last will and testament of Mildred E. Kenworthy, deceased, pertain only to property passing by her last will and testament and subject to probate and do not pertain to property held by said decedents as joint tenants with the right of survivorship, and the court being otherwise fully advised in the premises, it is thereupon, ordered, adjudged and decreed, as follows —

The court has jurisdiction over the parties hereto and the subject matter hereof.

The decedents, Harry E. Kenworthy and Mildred E. Kenworthy, his wife, simultaneously died testate at Coral Gables, Dade County, Florida, on May 29, 1962, and it is impossible to determine which decedent died first, or which decedent survived the other.

The joint personal assets owned by the decedents in the amount of $109,012.52 and referred to and set forth in Exhibit "F" of petitioner's complaint come within the purview of section 736.05 of the Florida Statutes, otherwise known as the Uniform Simultaneous Death Law, and such assets be and the same are hereby declared to be owned equally by the estates of the decedents, and one-half of such assets shall belong to each estate for administration purposes.

The decedent, Harry E. Kenworthy, did not, in fact, survive his wife, Mildred E. Kenworthy, by six months, and the assets of the decedents' estates, including the joint assets described herein, shall be distributed to the decedents' residual heirs as provided in their last wills and testatments.